**IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE**


**STATE OF TENNESSEE,**
      **Appellee,**

**V.**                                      **No. E1999-00274-CCA-R3-CD**

**DOUGLAS BRYAN BORUFF,**
      **Appellant.**


**CONCURRING OPINION**


I fully concur with Judge Riley's opinion. The only purpose for this separate opinion is to note my belief that, in this case, aggravated sexual battery and sexual battery are lesser-included offenses of rape of a child under part (a) of State v. Burns, 6 S.w.3d 453, 466-67 (Tenn. 1999), see Tenn. Code Ann. § § 39-13-504, -505 (1997), and that under the scheme of the Burns test for determining lesser-included offenses, the application of part (a) should be determined before analyzing part (b). I agree that, pursuant to the Burns test for determining whether the proof justifies an instruction on a lesser-included offense, the proof in the present case did not warrant an instruction on aggravated sexual battery. Neither did it warrant an instruction on sexual battery.


                                     _____
                                      JAMES CURWOOD WITT, JR., JUDGE

1